UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 14-50024-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| HAROLD COMPTON, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant Harold Compton was indicted by a grand jury for theft of government property in violation of 18 U.S.C. § 641. (Docket 1). The alleged theft involves overtime payments made to Mr. Compton while an employee of the Bureau of Indian Affairs ("BIA") for which he was not entitled during the time period of May 1, 2009, through December 31, 2009. Id. Mr. Compton moves the court to join defendant's case with the case of United States v. Daigre Douville, CR. 13-50152 (D.S.D.). (Docket 12). Mr. Douville was indicted by a grand jury in a superseding indictment for theft of government property in violation of 18 U.S.C. § 641 and making a false statement in violation of 18 U.S.C. § 1001. (CR. 13-50152, Docket 17). Count 1 of the superseding indictment alleges theft involving overtime payments made to Mr. Douville while he was a BIA employee for which he was not entitled during the time period of January 1, 2009, through December 31, 2009. Id. at p. 1. Count 2 of the superseding indictment in

Mr. Douville's case involves a false statement regarding a separate matter. Id. at pp. 1-2.

The government resists Mr. Compton's motion.[1] (Docket 16). Both Mr. Compton and Mr. Douville provided statements to law enforcement. (Dockets 16-1 and 16-2). The government intends to use each statement against the defendant. (Docket 16 at p. 1).

Federal Rule of Criminal Procedure 13 provides "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. Rule 14 provides "[i]f the joinder of offenses or defendants . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"[A] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987) (referencing Bruton v. United States, 391

---

[1] Neither party invited Mr. Douville's counsel to participate in the consolidation issue.

2

U.S. 123 (1968)). "In Bruton, the codefendant's confession 'expressly implicat[ed]' the defendant as his accomplice. . . . Thus, at the time that confession was introduced there was not the slightest doubt that it would prove 'powerfully incriminating.' " Id. At p. 208 (citing Bruton, 391 U.S. at 124 and 135). "By contrast, in [Richardson] the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial (the defendant's own testimony)." Id. "Where the necessity of such linkage is involved, it is a less valid generalization that the jury will not likely obey the instruction to disregard the evidence." Id.

> Specific testimony that "the defendant helped me commit the crime" is more vivid than inferential incrimination, and hence more difficult to thrust out of mind. Moreover, with regard to such an explicit statement the only issue is, plain and simply, whether the jury can possibly be expected to forget it in assessing the defendant's guilt; whereas with regard to inferential incrimination the judge's instruction may well be successful in dissuading the jury from entering onto the path of inference in the first place, so that there is no incrimination to forget. In short, while it may not always be simple for the members of a jury to obey the instruction that they disregard an incriminating inference, there does not exist the overwhelming probability of their inability to do so that is the foundation of Bruton's exception to the general rule.

Id. "[A] certain way of assuring compliance would be to try defendants separately whenever an incriminating statement of one of them is sought to be used." Id. at 209. "The other way of assuring compliance with an expansive Bruton rule would be to forgo use of codefendant confessions. That price also is too high, since confessions 'are more than merely

3

"desirable"; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law.'" Id. at 210 (citing Moran v. Burbine, 475 U.S. 412, 426 (1986)). "[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his . . . existence." Richardson, 481 U.S. at 211.

     Mr. Douville gave an extensive statement to the investigative officers. "The interview concerned allegations indicating Douville . . . Harold Compton . . . and other PRA [Pine Ridge Agency] firefighters, fraudulently received overtime pay in 2009." (Docket 16-1 at p. 1) (sealed). The interview with "one break, began at about 10:42 A.M. (MST) and concluded at about 4:03 P.M. (MST)." Id. Mr. Compton's alleged role in the firefighting activities is detailed throughout Mr. Douville's statement.

     Mr. Compton also provided a statement to a law enforcement officer. He likewise mentions Mr. Douville's role in the firefighting scheduling and overtime issues. (Docket 16-2) (sealed).

     The court concludes that while the defendants' cases may have been joined in a single indictment under Fed. R. Crim. P. 13, the risk of prejudice to either defendant, notwithstanding a cautionary instruction, may be significant. Fed. R. Crim. P. 14(a). If the court requires redaction of both

4

statements in a consolidated trial to avoid any reference to the codefendant, both statements would nonetheless point to the codefendant as a participant in the alleged excessive overtime scheme. Further, redaction of both statements would deprive the government of its right to have the entirety of the statement of a defendant admitted at his separate trial. Consolidation would result in prejudicial joinder to both defendants and the government. Fed. R. Crim. P. 14. For these reasons, the court concludes under the circumstances that consolidation is inappropriate.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendant's motion to consolidate (Docket 12) is denied.

Dated May 27, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE